NO. 07-00-0165-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2001

______________________________

DAVID C. YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 99
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-427910; HONORABLE MACKEY HANCOCK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.  

Following a plea of not guilty, appellant David C. Young was convicted of burglary of a habitation with intent to commit theft.  After finding two enhancements true, the trial court assessed punishment at 65 years confinement.  Presenting two points of error, appellant contends (1) the trial court erred by allowing an in-court identification based on an impermissibly suggestive pretrial identification procedure, and (2) the trial court erred by allowing the witness to testify as to appellant’s identity based on a pretrial photo spread identification procedure that was impermissibly suggestive.  Based on the rationale expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, only a recitation of the facts necessary for disposition of his contentions will be reviewed.  Appellant filed a pretrial motion for the court to hear evidence on a pretrial identification procedure and to quash in-court identification.  A hearing was held outside the presence of the jury and the court ruled the identification was not impermissibly suggestive.

On May 20, 1998, Clara Conner, who lived in an apartment complex, was sleeping in her apartment when she was awakened by someone knocking on her door and asking if Chester or Bernard lived there.  The witness stated that this person was wearing blue jean shorts, a North Carolina basketball shirt, and distinctive shoes.  Also, the witness described the person as a male with facial hair, a goatee or mustache, a bald head, taller than 5 foot 4 inches, and weighing a “good 200 pounds.”  Conner had the opportunity to view the suspect once at her door, again in the apartment approximately 23 feet away, and a final time when the suspect left the apartment across from hers.  Within a week of the incident, the witness identified appellant in a photo spread consisting of six black males ranging from approximately 5 foot 6 inches to approximately 6 foot 4 inches, three of whom were wearing North Carolina jerseys.  The court admitted the lineup finding that the exhibit consisted of “five black males all of approximately the same age, all with short hair, and none of which appear to be bald.  All appear to have close cropped hair.”  

By his first and second points of error, appellant contends the trial court erred by allowing in-court identification of appellant based on an impermissibly suggestive pretrial identification procedure.  We disagree.  

The determination of the admissibility of an in-court identification requires a two-step analysis.  Loserth v. State, 985 S.W.2d 536, 543 (Tex.App.--San Antonio 1998, pet. ref'd).  First, we consider whether the pretrial photographic identification was impermissibly suggestive and, if so, we then consider whether the procedure gave rise to a substantial likelihood of irreparable misidentification.  Lorseth v. State, 963 S.W.2d 770, 771-72 (Tex.Cr.App. 1998), 
citing
 Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).  Therefore, even when a pretrial identification procedure is impermissibly suggestive, an in-court identification will still be sustained if, under the totality of the circumstances, a substantial likelihood of misidentification does not exist.  Jackson v. State, 657 S.W.2d 123, 129-130 (Tex.Cr.App. 1983).  In order to obtain a reversal for an improper in-court identification, an appellant must show by clear and convincing evidence that the identifying witness‘s testimony was irreparably tainted by the improper pretrial identification.  Herrera v. State, 682 S.W.2d 313, 318 (Tex.Cr.App. 1984), 
aff’d,
 Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).  In determining the reliability of the witness’s in-court identification under the totality of the circumstances, we consider the following five non-exclusive factors:

the witness's opportunity to view the defendant;

the witness's degree of attention;

the accuracy of the witness's description;

the witness's level of certainty at the confrontation; and

the length of time between the offense and the confrontation.

See Loserth
, 985 S.W.2d at 543, 
citing
 Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

Looking at the first step required by the 
Loserth
 analysis, we determine if the pretrial photographic identification was impermissibly suggestive.  The photo spread shown to the witness consisted of six black males ranging in height from approximately 5 foot 6 inches to 6 foot 4 inches, each having short hair and being around the same age.  Although appellant was the only bald man in the picture, no other significant differences were apparent from the photographs provided in the record and three of the other men in the lineup were wearing North Carolina jerseys.  Appellant’s main contention centers on the fact that he was the only man in the lineup with a shaved head.  Neither due process of law nor common sense dictates that the features of the subjects in a pretrial identification be identical.  
See 
Buxton v. State, 699 S.W.2d 212, 216 (Tex.Cr.App. 1985), 
cert. denied
, 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986).  The State does not have the capability nor the burden of creating exact replicas of each suspect for an identification.  Therefore, where the subjects in a photo spread appear to be reasonably similar to one another, variation in height, weight, clothing, and other factors do not per se make the lineup impermissibly suggestive.  
Id.
  After viewing the photo array, we conclude that appellant has not demonstrated the lineup was impermissibly suggestive. 

Moreover, even if the lineup was impermissibly suggestive, the totality of the circumstances weighs against a substantial likelihood of misidentification.  The witness that identified appellant testified that she observed the suspect on three different occasions for a short period of time up to five minutes.  The witness had just awakened when she first saw appellant, but by the time she was on the phone with the police, she was attentive enough to make a good description.  The description was not exact however, but appellant did fit within the range of size and shape provided by the witness.  Additionally, the short time between the crime and the confrontation and the witness’s quick identification of appellant also show circumstances indicative of reliability.  We therefore conclude that the totality of the circumstances weigh against a substantial likelihood of misidentification.  Appellant’s points of error are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis    Justice

Do not publish.